UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 10-20200-CIV-Huck/O'Sullivan

LUIS ECHEVARRIA *et al.*, individually
and on behalf of others similarly situated,

    Plaintiffs,

v.

LAS VEGAS BEACH, INC. and
ANTONIO VILARINO,

    Defendants.
_____/

## ORDER DENYING MOTION

  This matter is before the Court on Plaintiff's Motion and Incorporated Memorandum for Conditional Certification of Collective Action Under the FLSA, Production by Defendant of a Comprehensive List of Present and Former Employees, and Court Authorized Mailing of Opt-In Notices, With Proposed Notice and Opt In Forms (D.E. # 22), filed March 23, 2010. A hearing on the matter was held on May 28, 2010.

  Before allowing an individual plaintiff to give notice to other potential members of a collective action under the Fair Labor Standards Act, "the district court should satisfy itself that there are other employees of the defendant-employer who desire to 'opt-in.'" *Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1567 (11th Cir. 1991). Plaintiffs have made no such showing, other than to note that numerous employees have already opted in to the action. This fact, on its own, is insufficient as it lends equal support to opposing conclusions: (1) there are likely to be others interested in the action; and (2) the action's existence is well-known and those employees who have an interest in the matter have opted in. *Cf. Wombles v. Title Max of Ala., Inc.*, No. 303 CV 1158 (CWO), 2005 WL 3312670, at *3 (M.D. Ala. Dec. 7, 2005) (two consents to join and five nearly identical affidavits by plaintiffs indicating that they "believe" others desire to join the lawsuit were insufficient to establish that others desired to opt in); *Reyes v. Carnival Corp.*, No. 04-21861, 2005 WL 4891058, at *6 (S.D. Fla. May 25, 2005) (affidavits satisfied burden where they "appear[ed] to

be base upon personal knowledge, observation, and experience," were not "conclusory," and in which affiants "claim[ed] to be familiar with other similarly-situated" employees). *But see Parker v. Rowland Express, Inc.*, 492 F. Supp. 2d 1159, 1165 n.4 (D. Minn. 2007) ("If . . . *eight* employees together were to commence an FLSA action, it might be unnecessary to show that others desire to opt in to the litigation, since the sheer number of plaintiffs, standing alone, could render the case 'appropriate' for collective-action status. Of course, this raises a difficult question: how many plaintiffs is enough to render conditional certification proper without evidence of additional opt-ins?"); *Bell v. Mynt Entm't, LLC*, 223 F.R.D. 680, 683 (S.D. Fla. 2004) (affidavits from seven plaintiffs indicating others desired to opt in and detailing allegations of wage violations were sufficient).

Even if the plaintiffs could satisfy this burden, the Motion could not be granted. The Motion requests conditional certification of a class consisting of "every person . . . who was ever employed at any of the privately held restaurants which Defendant operates, who performed any service which benefitted the Defendant directly or indirectly in any way, at any time between January 22, 2007 and the present, who ever received a base hourly wage less than the applicable minimum or overtime hourly wage while so employed." The breadth of this definition, as evidenced by the discussion to follow, is highly problematic insofar as the disparate employees and claims it encompasses defeat commonality.

The FLSA permits an action to be brought "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). While the statute does not define "similarly situated," courts have filled this gap by identifying the following factors relevant to such a determination: 1) whether the plaintiffs all held the same job title; 2) whether they worked in the same geographic location; 3) whether the alleged violations occurred during the same time period; 4) whether the plaintiffs were subjected to the same policies and practices, and whether these policies and practices were established in the same manner and by the same decision-maker; and 5) the extent to which the actions which constitute the violations claimed by plaintiffs are similar. *Franco v. Bank of America Corp.*, --- F. Supp. 2d ----, 2010 WL 582032, at *2 (M.D. Fla. 2010).

Applying these factors to the plaintiffs in this case, it is apparent that similar situation is lacking. In fact, for the reasons announced by the Court at the hearing, this is not a close question.

The common issues are virtually non-existent while the fact-intensive, individualized issues are numerous, complex and, if litigated in a class action setting, would be extremely confusing to the fact finder.  The following are just some of the reasons articulated by the Court at the hearing which militate against granting the Motion.  First, the plaintiffs have numerous job titles, including server, bartender and assistant manager/cashier.  Second, the plaintiffs worked in different restaurants spread throughout various counties in Florida.  Third, these approximately twelve restaurants–which plaintiffs seek to have treated on a uniform basis–are separately owned and operated by several different corporations.  Interestingly, none of the plaintiffs ever worked for the defendant corporation.  Fourth, different supervisors supervised various groups of employees at different restaurants and different times.  Fifth, some seven different pay practices are complained of, and it appears that not all were practiced against each of the plaintiffs or by the each of the separate corporations.  Sixth, the variety of pay practices complained of are likely to give rise to a variety of unique and individualized potential defenses.  Seventh, the plaintiffs' affidavits reference oral representations regarding procedures announced in alleged pre-shift meetings, necessitating an examination of what each plaintiff at each restaurant was told.  Plaintiffs' own affidavits indicate that different employees were treated differently in regard to the wages.  In sum, these factors demonstrate that the plaintiffs are not similarly situated, undermining the efficiency intended by the collective action mechanism.  Accordingly, it is hereby

ORDERED that the Motion is DENIED.

DONE and ORDERED in chambers, Miami, Florida, June 1, 2010.

_____
Paul C. Huck
United States District Judge

Copies furnished to:
Counsel of Record